Case 2:07-cv-00647-MEF-FM  Document 1  Filed 06/29/2007  Page 1 of 4
Case 2:07-cv-01227-VEH  Document 1  Filed 06/29/2007  Page 1 of 4
FILED
2007 Jun-29 AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

QLA
Nothern District

IN THE UNITED STATES DISTRICT COURT
FOR THE ~~MIDDLE~~ DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION
QLA Southern

FILED
07 JUN 29 AM 8:51

N.D. OF ALABAMA

| | |
|---|---|
| QUINCY L. ALEXANDER<br>Plaintiff | )<br>)<br>) |
| V | ) CIVIL ACTION NO. ___<br>) CV-07-HS-1227-S |
| BORAL BRICK INC., a corporation,<br>Scott Thompson, as an agent of Boral<br>Brick, Inc.<br>Defendants | )<br>)<br>)<br>) |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for legal ad equitable relief to remedy unlawful discrimination in employment on the basis of race, and to remedy sexual harassment in the workplace.

2. Jurisdiction of this court is invoked pursuant- to Title 28 U.S.C.A. Sec 1343 (4) and the Title 42 U.S.C.A. Sec. 2000-e et seq. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000-3 et seq., as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. Sec. 2000-e et seq. Jurisdiction of this court is invoked to secure the protection of and redress the deprivation of rights secured by 42 U.S.C.A. Sec. 2000-e et seq. and 42 U.S.C.A. Sec.1981 and 1983 providing for injunctive and other relief against racial discrimination in employment. The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

3. The Administrative prerequisites have been fulfilled. Plaintiff has exhausted all administrative remedies to him pursuant to the Rules and Regulations of the Equal Employment Opportunity Commission. The EEOC has issued a right to sue letter. Said letter having issued on April 4, 2007, less than ninety days, and within the time prescription for same.

4. All acts complained of herein relate to Plaintiff's place of employment in Russell County, Alabama, within the ~~Middle~~ *Northern ALA* District of Alabama, ~~Northern~~ *Southern ALA* Division.

## PARTIES

5. Plaintiff is a male, Negro, citizen of the United States and resides in Russell County, Alabama.

6. Plaintiff was employed by as a shipping supervisor by defendant, a corporation, doing business in Phenix City, Russell County, Alabama, until he was terminated from employment, because the "product was not selling", while other similarly situated Caucasian and female employees with less seniority were retained.

7. Defendant, Boral Bricks, Inc., is a corporation, incorporated under the laws of Alabama and doing business in the State of Alabama as an employer within the meaning of 42 U.S.C.A. Sec. 2000-e (b).

8. Defendant, Scott Thomspon is an individual citizen of the United States of America, and was employed by the Defendant Corporation as the Assistant Plant Manager of its Phenix City, Russell County, Alabama location. He was the supervisor to the Plaintiff, Quincy L. Alexander at all times herein relevant.

## FACTUAL BACKGROUND

9. Plaintiff Quincy Alexander, was employed as a lead person of Defendant Ruby Tuesday in or around April 2002. Plaintiff was paid $6.90 per hour initially, and later raised to $13.40 per hour.

10. During his employment, the Plaintiff was assigned to the position of lead person. Plaintiff was in charge of a department within the plant. All other department heads in the plant were salaried employees making approximately $38,000.00 or more. Plaintiff learned that he should have been salaried when he attended supervisor training and was asked by the instructor why he was there as the only hourly employee attending the training.

11. On or about January 2006, Defendant, Scott Thompson, informed the Plaintiff that he was being laid off, because "the product was not selling". White and female employees with less seniority were retained. A White female with less seniority was moved from another department to fill his position.

12. The Plaintiff is a disabled veteran, with a seventy percent (70%) disability. Those retained were non-disabled.

13. Plaintiff alleges that he was discriminated against by the defendant in his discharge. Specifically, Plaintiff was discharged by the Defendant because he is an African American male and because of his disability.

Wherefore plaintiff respectfully prays this court to advance this cause on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

(1) Grant plaintiff a declaratory judgment that the actions of defendant complained of herein violate the rights of plaintiff guaranteed by Title VIII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. Sec. 2000-e et seq., and the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States;

(2) Allow plaintiff his costs herein, including reasonable attorney's fees as provided by Sec. 706 (k) of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Sec. 2000-e 5 (k) and punitive damages; and

(3) Grant plaintiff further relief as may be necessary and proper, including, the hiring of the plaintiff, and award of back pay from September 4, 2002, to the end of this suit, from the time of the defendant's wrongful acts against plaintiff and such other additional relief as may appear to the court to be equitable and just.

## VERIFICATION

I, Roderick Steele, the Plaintiff in the above styled caused do hereby verify that the statements contained herein are true, correct, and accurate to the best of my knowledge and belief.

Respectfully submitted,

_____
Quincy L. Alexander,
Plaintiff
1507·-8th Place South
Phenix City, Alabama 36869
(334) 297-1281


PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

EEOC Form 161 (10/96)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Quincy L. Alexander<br>1507 8th Place<br>Phenix City, Alabama 36869 | From: Birmingham District Office<br>1130 22nd Street, South<br>Birmingham, Alabama 35205 |
|---|---|

RECEIVED 2007 JUL 31 A 9:38
A. P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 00962 | Glenda M. Matthews, Investigator | (205) 212-2138 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*     04/04/2007

Delner Franklin-Thomas, District Director     *(Date Mailed)*

Enclosure(s)

cc:   Leonard Gibbs
       Boral Bricks, Inc.
       200 Mansell Court East, Suite 306
       Roswell, Georgia 30076