FILED
2007 Jul-02 PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCY L. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-1227-VEH |
| | ) |
| BORAL BRICKS, INC., a | ) |
| corporation, Scott Thompson, as an | ) |
| agent of Boral Bricks, Inc., | ) |
| | ) |
| Defendants. | ) |

## ORDER TRANSFERRING CASE

On June 29, 2007, Quincy L. Alexander ("Alexander"), acting pro se, filed this civil action against defendants Boral Bricks, Inc[1]. ("Boral") and Scott Thompson ("Thompson"). The Complaint (doc. 1) alleges violations of Title 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000-e, and also references 42 U.S.C. §§ 1981 and 1983. (Complaint, Par. 1.)[2] The Complaint states that "[a]ll acts complained of herein relate

---

[1] Although the style of the case states that the corporate defendant's name is Boral Brick Inc., the body of the complaint names this defendant Boral Bricks, Inc. The court therefore refers to this defendant as Boral Bricks, Inc.

[2] The Complaint also states, at paragraph 13, that Alexander was "discharged ... because he is an African American male and because of his disability." Therefore, Alexander may be alleging a violation of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 et seq. The court is not, by listing these statutes, offering any opinion as to the viability of any of Alexander's claims.

TRUE COPY:
By: [signature]

to Plaintiff's place of employment in Russell County, Alabama, within the Northern District of Alabama, Southern Division." (Complaint, Par. 4.) However, Russell County, Alabama, is not within the Northern District of Alabama. In fact, Russell County, Alabama is within the Middle District of Alabama.

The Complaint states that Alexander "resides in Russell County, Alabama" (Complaint, Par. 5.), that Boral "is a corporation, incorporated under the laws of Alabama and doing business in the State of Alabama...." (Complaint, Par. 7), that Alexander was employed by Boral "in Phenix City, Russell County, Alabama" (Complaint, Par. 6), and that Thompson was also employed by Boral at Boral's "Phenix City, Russell County, Alabama location." (Complaint, Par. 8.)[3]

The Complaint thus appears to be premised solely on alleged violations of Alexander's rights under various Federal laws and the United States Constitution. That is, the Complaint alleges federal question jurisdiction only.

28 U.S.C.A. § 1391 provides, in relevant part:

---

[3] The Complaint, at paragraph 9, states that Alexander "was employed as a lead person of Defendant Ruby Tuesday" but then explains, in paragraph 10 that Alexander "was in charge of a department within the plant." Reading the Complaint as a whole, it appears to the court that the reference to Ruby Tuesday, a well-known chain of restaurants, in paragraph 9 was an error and that Alexander meant to refer to Boral instead of Ruby Tuesday. However, even if Alexander did mean to refer to Ruby Tuesday in paragraph 9, and to sue Ruby Tuesday, all of the other allegations of the Complaint clearly establish that Alexander is complaining of alleged discrimination in employment that occurred in Phenix City, Alabama.

2

**(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**(c)** For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

The Complaint is silent as to where Thompson lives. As the Complaint is the only document before this court[4], based strictly upon the information in that Complaint, it appears that this action should have been filed in the Middle District of Alabama.

28 U.S.C.A. § 1406 provides, in relevant part

**(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

---

[4] Alexander did not file a civil cover sheet, any summonses, or a copy of his EEOC right to sue letter.

3

The court finds that this case could have been brought in the Middle District of Alabama. The court further finds that it is in the interest of justice to transfer this case to the Middle District of Alabama rather than dismissing this action. Alexander is pro se and cannot be expected to know about matters such as venue. Transferring the case means that the action will retain its original filing date, thereby avoiding any potential prejudice to Alexander such as having to pay the filing fee again or prejudice that might result from the passage of time before he could refile the action before the proper court.

Therefore, the Clerk of Court is hereby **DIRECTED** to transfer this case to the United States District Court for the Middle District of Alabama. The Clerk shall delay such transfer for a period of 10 days from the date of entry of this Order. The Clerk is **DIRECTED** to mail a copy of this Order to Alexander at his address as set forth on the last page of the Complaint.

Alexander is hereby advised that, if he feels that this Order was entered in error, he may ask the judge of the United States District Court for the Middle District of Alabama to whom this case is assigned to transfer it back to this District.[5]

---

[5] Ordinarily, the court would hold a hearing before transferring this action. However, the Clerk's Office advised the court that Alexander stated that he first attempted to file this case in the Middle District of Alabama (and the face of the Complaint shows it originally referred to such District) but drove to Birmingham from Montgomery after someone advised him that the action had to be filed in the Northern District of Alabama. Therefore, the court is acting in the belief that, not only is venue inappropriate here, but that Alexander did not knowingly choose to

4

**DONE** and **ORDERED** this the 2nd day of July, 2007.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

file this action in this District - rather, he did so under a mistaken belief that he had to do so.