IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| QUINCY L. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-CV-00647- |
| ) | WHA-TFM |
| BORAL BRICKS INC. and ) | |
| SCOTT THOMPSON, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT BORAL BRICKS INC.

Defendant Boral Bricks Inc. ("Boral") for its Answer to Plaintiff's Complaint alleges and states as follows:

1. Answering paragraph 1, Boral admits only that Plaintiff alleges that this is an action for relief, and denies all other allegations.

2. Answering paragraph 2, Boral admits only that Plaintiff alleges jurisdiction pursuant to the statutes cited, and denies all other allegations.

3. Answering paragraph 3, Boral admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 420-2006-0000962), and that after investigation the EEOC issued a Dismissal and Notice of Rights which states that based upon its investigation, the EEOC is unable to conclude that the information obtained

establishes violations of statutes, and that said Dismissal and Notice of Rights is dated April 4, 2007, and Boral denies all other allegations.

4. Answering paragraph 4, Boral admits only that it has facilities in Russell County, Alabama, and denies all other allegations.

5. Answering paragraph 5, Boral admits only that Plaintiff alleges he is a male Negro citizen of the United States and resides in Russell County, Alabama, and Boral denies all other allegations.

6. Answering paragraph 6, Boral admits only that Plaintiff was employed by Boral in Phenix City, Russell County, Alabama, and that his employment was terminated, and Boral denies all other allegations of said paragraph.

7. Answering paragraph 7, Boral admits that it is a corporation doing business in the State of Alabama, and denies all other allegations.

8. Answering paragraph 8, Boral admits that Scott Thompson is employed by Boral and occupies the position of Assistant Plant Manager at Boral's location in Phenix City, Russell County, Alabama, and that at times Scott Thompson supervised Plaintiff, and Boral denies all other allegations.

9. Answering paragraph 9, Boral admits only that Plaintiff was employed by Boral at its Phenix City, Alabama facilities, and denies all other allegations.

10. Answering paragraph 10, Boral admits that Plaintiff occupied a lead position at times, and denies all other allegations.

11. Answering paragraph 11, Boral admits only that Plaintiff was advised of his termination as a reduction in force, and denies all other allegations.

12. Answering paragraph 12, Boral is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies said allegations.

13. Answering paragraph 13, Boral denies the allegations, and specifically denies that Plaintiff was discriminated against because of his race or alleged disability, or otherwise.

14. Further answering, Boral specifically denies any alleged discriminatory acts or statutory violation, and further specifically denies that Plaintiff has been damaged in any respect or is entitled to any relief whatsoever.

## **Affirmative and Other Defenses**

1. Plaintiff's Complaint cannot be maintained, in whole or in part, because Plaintiff has failed to meet and satisfy the procedural requirements of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), or of the Americans With Disabilities Act ("ADA"), all as set forth as a precondition to an action such as this, and that this Court therefore lacks jurisdiction of the subject matter of this action. Boral further states that Plaintiff has failed to exhaust his administrative

remedies and procedures which is a prerequisite to commencing a civil action pursuant to Title VII or the ADA. Alternatively, Plaintiff's Complaint is limited to the alleged act or acts of purported discrimination as stated in the Charge of Discrimination Plaintiff filed with the EEOC.

2. Boral states that it would have taken the same actions concerning Plaintiff in the absence of any alleged impermissible motivating factor, and therefore, any alleged damages for relief sought by Plaintiff must be appropriately limited and restricted.

3. All actions taken toward Plaintiff are based on factors other than race or alleged disability, all actions taken by Boral were taken in good faith, and Boral had reasonable grounds for believing the alleged actions were not in violation of Title VII, the ADA, or any other statute or law.

4. Boral states that it acted at all times in good faith for reasonable and legitimate reasons, based on practices that are job-related, consistent with business necessity, and not for any discriminatory or illegal purpose.

5. Boral states that Plaintiff is not a qualified individual with a disability under the ADA.

6. Plaintiff has failed to mitigate any alleged damages he seeks in this cause.

7. Plaintiff's Complaint is barred or limited, in whole or in part, by the applicable statute of limitations.

8. Any alleged damage claimed or alleged by Plaintiff was caused or contributed to by Plaintiff's own actions or failure to act.

9. Plaintiff's prayer for relief for alleged punitive damages is barred in whole or in part because Plaintiff has not alleged intentional conduct necessary for punitive damages under applicable law.

10. Boral states that an award of punitive damages deprives Boral of property without due process of law in violation of its rights under the United States Constitution, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

11. Boral states that Plaintiff is not entitled to punitive damages and that Boral has acted at all times with good faith efforts to comply with all laws prohibiting discrimination.

12. Boral states that Plaintiff is not entitled to a jury trial with respect to his claim for punitive damages.

13. Boral affirmatively alleges that Plaintiff has alleged no conduct on which exemplary or punitive damages can be based, and therefore Plaintiff is not entitled to recover punitive or exemplary damages from Boral.

14. For further answer, and pleading in the alternative, if such be necessary, Boral submits that any alleged damages by Plaintiff must be limited by applicable statutory caps for said damages.

15. Boral states that all allegation not specifically admitted in its Answer to Plaintiff's Complaint are denied.

16. Boral presently has insufficient knowledge or information upon which to form a belief as to whether it may have as yet unstated additional affirmative defenses available.  Boral reserves its right to assert additional affirmative or other defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Boral respectfully requests the Court enter judgment in its favor and against Plaintiff, and award Boral its attorneys' fees and costs, and grants such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

LATHROP & GAGE L.C.

s/ Jack D. Rowe
Jack D. Rowe             MO#  22996
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri  64108
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.

s/ Thomas L. Oliver, II
Thomas L. Oliver, II (ASB-3153-r53t)
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216

Attorneys for Defendant Boral Bricks Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Quincy L. Alexander
1507 – 8th Place, South
Phenix City, Alabama  36869

Plaintiff Pro Se

s/ Thomas L. Oliver, II
OF COUNSEL