IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| QUINCY L. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-CV-00647- |
| ) | WHA-TFM |
| BORAL BRICKS INC. and ) | |
| SCOTT THOMPSON, ) | |
| ) | |
| Defendants. ) | |

### BRIEF IN SUPPORT OF INDIVIDUAL DEFENDANT SCOTT THOMPSON'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Individual Defendant Scott Thompson ("Thompson"), has respectfully moved this Court to dismiss with prejudice any and all claims by Plaintiff against him in this action brought pursuant to Title VII and the ADA. Because supervisors and individual employees are not liable in their individual capacity under Title VII and the ADA, dismissal with prejudice is appropriate as a matter of law as discussed below in this supporting Brief.

### INTRODUCTION

Defendant Thompson's present Motion stems from Plaintiff's *pro se* Complaint in which he alleges liability under federal law against Thompson in his individual capacity as an employee of Boral Bricks Inc. *See* Compl. at Caption, ¶¶ 1-13. However, as described herein, such allegations are contrary to the

recognized subject matter law. Simply put, Plaintiff alleges individual liability under Title VII and the ADA against Defendant Thompson as well as liability against Plaintiff's former employer (Defendant Boral Bricks Inc.), all in connection with Plaintiff's termination of his employment.

Even assuming *arguendo*, for the purposes of this Motion only, that the allegations in Plaintiff's Complaint are true, as the Court must in the context of a motion to dismiss, there simply is no question that individual liability, as a matter of law, does not lie against Defendant Thompson as an individual defendant. As discussed below, the Court should dismiss all claims against Defendant Thompson with prejudice.[1]

## STANDARD FOR MOTION TO DISMISS

A court should dismiss an action whenever a plaintiff, as here, fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court must assume all of the well-pleaded allegations of the complaint to be true. *See, Pyles v. United Airlines*, 79 F.3d 1046, 1049 (11th Cir. 1996). Even when the Court views the allegations in the light most favorable to the plaintiff, as it must under Rule 12(b)(6), dismissal is

---

[1] Defendant Thompson also notes that he was not named as a respondent in Plaintiff's underlying Charge of Discrimination and therefore Plaintiff has also not fulfilled conditions precedent to bringing this action against Defendant Thompson; for this additional reason Plaintiff's action cannot be maintained against Defendant Thompson. Title VII (at 42 U.S.C. §2000e-5(f)(1)) provides that ". . . a civil action may be brought against a respondent named in the charge . . ."

proper if Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995).

Dismissal is a particularly appropriate remedy where, as here, individuals are named as defendants for alleged violations of statutes which do not permit individual liability. *See: Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)(dismissing Title VII claims against an individual); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995)).

## ARGUMENT

### I.     Individuals are not Liable under Title VII and the ADEA.

Title VII imposes liability only for those entities that qualify as an "employer." For the purposes of Title VII an "employer" is defined as

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person

42 U.S.C. § 2000(e)(b). The ADA defines "employer" in a substantially similar manner. *See* 42 U.S.C. § 12111(2).

However, Title VII and the ADA do not impose liability on individual supervisors or co-workers. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (individual capacity suits are inappropriate under Title VII and the ADA).

Consistent with the above authority, the Eleventh Circuit has repeatedly rejected suits under Title VII or the ADA, like Plaintiff's here, which seek to

impose liability on an individual defendant. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *Cross v. Alabama*, 49 F.2d 1490, 1504 (11th Cir. 1995); *Mason v. Stallings*, 82 F.3d at 1009; *Hinson v. Clinch County*, 231 F.3d 821 (11th Cir. 2000); *Albra v. Advan, Inc.*, 490 F.3d. 826 (11th Cir. 2007).

Authority from other circuits overwhelmingly illustrates a majority consensus that neither co-workers nor supervisors can be held liable in their individual capacities under Title VII or the ADA. *See: Birkbeck v. Marvel Lighting Co.*, 30 F.3d 507, 510-511 (4th Cir. 1994) (ADEA); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691 (8th Cir. 1997) (Title VII); *Grant v. Lone Start Co.*, 21 F.3d 649, 653 (5th Cir. 1994) (Title VII); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (Title VII and ADEA); *Tomka v. Seiler Corp*, 66 F.3d 1295, 1313-1317 (2nd Cir. 1995) (Title VII); *Butler v. City of Prairie Village, Ks.*, 172 F.3d 736, 744 (10th Cir. 1999)(discussing preclusion of individual liability under ADA and noting that "employer" is defined virtually the same under Title VII and the ADA); *Hayes v. Williams*, 88 F.3d 898 (10th Cir. 1996)(Title VII and ADEA); *Sauers v. Salt Lake County*, 1 F.3d 1122,1125 (10th Cir. 1993)(individual capacity suits are inappropriate under Title VII).

**II.    The Court Should Dismiss the Individual Defendant.**

Plaintiff's claims against Defendant Thompson are premised on Title VII and the ADA. *See* Compl. at ¶¶ 2, 7, 13. In light of the Eleventh Circuit's prior

rulings, and consistent with the great weight of other authority, the Court should dismiss with prejudice any and all claims against Defendant Thompson. As demonstrated above, there is no liability under Title VII or the ADA for individual employees and dismissal with prejudice is warranted.

## CONCLUSION

WHEREFORE, for the reasons stated above, Individual Defendant Thompson respectfully requests that the Court dismiss with prejudice any and all claims against him with his attorneys' fees and costs, and any other relief deemed appropriate in the premises. Respectfully submitted,

LATHROP & GAGE L.C.

s/ Jack D. Rowe
Jack D. Rowe           MO#  22996
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri  64108
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001


CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.

s/ Thomas L. Oliver, II
Thomas L. Oliver, II (ASB-3153-r53t)
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216

Attorneys for Defendant Boral Bricks Inc.

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 27, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Quincy L. Alexander
1507 – 8th Place, South
Phenix City, Alabama  36869

Plaintiff Pro Se

                                s/ Thomas L. Oliver, II
                                OF COUNSEL