IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUINCY L. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:07-cv-647-WHA-TFM |
| BORAL BRICK, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed July 19, 2007). Pending before the Court is *Individual Defendant Scott Thompson's Motion to Dismiss* (Doc. 9, filed August 27, 2007), *Brief in Support of Individual Defendant Scott Thompson's Motion to Dismiss* (Doc. 10, filed August 27, 2007), Plaintiffs "Response" (Doc. 18, filed September 20, 2007), and *Reply of Individual Defendant Scott Thompson in Further Support of his Motion to Dismiss* (Doc. 19, filed September 26, 2007). For good cause, it is the Recommendation of the Magistrate Judge the Motion to Dismiss be granted in part and denied in part. In addition, the undersigned recommends the *sua sponte* dismissal of the claims pursuant to 42 U.S.C. § 1983.

## I. PARTIES

*Pro se* plaintiff, Quincy Alexander ("Alexander" or "Plaintiff") is a resident of Phenix City in Russell County, Alabama, within the Middle District of Alabama.

Defendant Boral Bricks, Inc. ("Boral Bricks") is a Georgia corporation headquartered in Atlanta. Defendant Scott Thompson ("Thompson") is an employee and supervisor at Boral Bricks and has been sued in his individual capacity.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 2000e-5 (Title VII), 42 U.S.C. § 12111 (Americans with Disabilities Act), 42 U.S.C. § 1981 (Civil Rights Act of 1866, as amended), and 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF THE CASE & THOMPSON'S MOTION TO DISMISS

The underlying facts of this case are necessarily viewed in favor of the nonmovant *pro se* Plaintiff. Alexander initiated this action on June 29, 2007. *See* Doc. 1. In his complaint, Alexander asserts claims pursuant to Title VII, 24 U.S.C. § 2000e-5, the Americans with Disabilities Act, 42 U.S.C. § 12111 ("ADA.") and 42 U.S.C. §§ 1981, 1983. Alexander specifically alleges he was terminated from his position at Boral Bricks and discriminated against due to his race, African American, and his disability. He brings claims against his former employer, Boral Bricks, and his former supervisor, Scott Thompson.

In the pending Motion to Dismiss, Thompson asserts an individual cannot be held liable under Title VII or the ADA as an individual does not qualify as an "employer" under either statute. *See* Doc. 10 at p. 3. Thompson asserts, even if Alexander's allegations are true, he cannot be held liable and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. at p. 2. Alexander filed a response brief on September 20, 2007 wherein he asserts various allegations, but fails to address the merits of Thompson's Motion to Dismiss. *See* Doc. 18. Thompson filed a reply brief which reiterates the assertion he cannot be held liable, notes Alexander's claims cannot be maintained against Thompson, and requests the dismissal of Thompson as a defendant. *See* Doc. 19, filed September 26, 2007.

### IV. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F.Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir.

1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1966 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## V.  DISCUSSION AND ANALYSIS

### A.  Individual liability Under Title VII

Thompson asserts he cannot be held liable in his individual capacity as individual capacity lawsuits are disallowed under Title VII. *See* Doc. 10 at p. 3; Doc. 19 at p. 1-2. In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual responsibility under Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not the individual employees whose actions would constitute a violation of the Act.") (emphasis in original); *see also Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions). Therefore, Alexander's claims against Thompson in his individual capacity are due dismissal.

A plaintiff may bring a Title VII suit against an individual in his official capacity. *See Cross*, 49 F.3d at 1504. However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the

action. *See Taylor v. Alabama*, 95 F.Supp.2d 1297, 1309 (M.D. Ala. 2000) (citing *Cross*, 49 F.3d at 1504) (where a Title VII plaintiff names the employer as a defendant, any of the employer's supervisory officials also named in the complaint may be dismissed from the action); *see also Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) ("If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). Because Alexander brings his Title VII claim against Boral Bricks, the Title VII complaints against Thompson in his official capacity are redundant and therefore due dismissal.

**B.** **Individual Liability Under ADA**

Thompson avers he cannot be held liable in his individual capacity under the ADA. *See* Doc. 10 at p. 3; Doc. 19 at p. 1-2. The Eleventh Circuit has explicitly ruled there is no individual responsibility under the ADA as it is no different than Title VII. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *see also Scott v. Estes*, 60 F.Supp.2d 1260, 1267 (M.D. Ala. 1999) (citing *Mason* and stating the ADA does not provide a cause of action against an employee in his individual capacity). The Eleventh Circuit specifically states "there is no sound reason to read the Disabilities Act any differently from this Court's reading of Title VII and the Age Discrimination Act." *Mason*, 82 F.3d at 1009. Thus any claim against Thompson in his official capacity would be treated in the same way as a Title VII claim. As such, the ADA complaints against Thompson, whether in official or individual capacity, are due dismissal.

**C.** **Individual Liability Under § 1981**

Alexander also asserts claims under 42 U.S.C. § 1981 ("§ 1981) against Thompson. Thompson does not address this in his Motion to Dismiss, but his Motion to Dismiss asserts generally Thompson should be dismissed from the lawsuit. The Court can only assume this is based on the same reasons suits are disallowed under Title VII or the ADA. However, contrary to Title VII, "individual employees can be held liable for discrimination under § 1981." *Leige v. Capitol Chevrolet, Inc.*, 895 F.Supp. 289, 293 (M.D. Ala. 1995); *Moss*, 111 F.Supp.2d at 1188. "Supervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." *Leige*, 895 F.Supp. at 293 (citing *Faraca v. Clements* 506 F.2d 956, 959 (5th Cir. 1975)[2]). Consequently, Alexander may proceed with his § 1981 claim against Thompson and thus, Alexander must remain a party to this lawsuit.

**D.    No Liability for Private Entity Under § 1983**

To obtain relief under § 1983, Plaintiff must show he was deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526

---

[2]    *See Bonner*, supra note 1.

U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citing *Pinellas*).  Further, "only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes." *Weaver*, 442 F.Supp.2d at 1223 (citations omitted).

For private entities such as Boral Bricks of Thompson to qualify as "state actors" under § 1983, one of the three tests must be satisfied:

(1) "State Compulsion Test" wherein the state has coerced or significantly encouraged the violative conduct;

(2) "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3) "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)).  The application of these three tests patently establish Boral Bricks and Thompson were not state actors.

Under the "State Compulsion Test," there is absolutely no evidence any government official of any kind did anything to coerce or encourage Boral Bricks or Thompson to

terminate Alexander from his job. The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State." *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)). A private entity removing an individual from his position of employment is certainly not the exclusive prerogative of the government. As such, the Public Function Test is not met. Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn*, 241 F.3d at 1348 (citations omitted). Again, there is absolutely no evidence a government body played any part in the actions by Boral Bricks or Thompson. The facts as pled by Alexander unambiguously establish Defendants performed a private function arising out of an employment issue, and Boral Bricks and Thompson acted completely independently in their self-interest in terminating Alexander. Thus, Boral Bricks and Thompson were not state actors and Alexander has no claim under § 1983. As such, Plaintiff's § 1983 claims are due dismissal *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   *Individual Defendant Scott Thompson's Motion to Dismiss* (Doc. 9) be **GRANTED** as to the Title VII and Americans with Disabilities Act claims.

(2)   Plaintiff's Title VII and Americans with Disabilities Act claims against Defendant Scott Thompson be **DISMISSED with prejudice**.

(3) *Individual Defendant Scott Thompson's Motion to Dismiss* (Doc. 9) be **DENIED** as to the claims under 42 U.S.C. § 1981.

(4) Plaintiff's claims under 42 U.S.C. § 1983 be *sua sponte* **DISMISSED with prejudice** because a private entity is not subject to liability under this statute.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 8, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 26th day of October, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE