IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUINCY L. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:07-cv-647-WHA-TFM |
| BORAL BRICK, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

Under Rule 16 of the Federal Rules of Civil Procedure, this Court is required to set a schedule for discovery and the filing of motions. In that regard, the undersigned Magistrate Judge conducted a scheduling conference in the above-styled case on November 7, 2007. Quincy Alexander appeared *pro se* and Jack Rowe appeared for defendants. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties have filed their *Report of Parties' Planning Meeting* (Doc. 20-2, filed October 19, 2007). Therefore, it is ORDERED by this court as follows:

> **PLEASE READ THIS ORDER CAREFULLY. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/**

1.  **DISCOVERY**

    **A.** *Pre-Discovery Disclosures* of information required by Rule 26(a)(1) shall be exchanged by **November 12, 2007**.

    **B.** *Completion of Discovery***:** All discovery as authorized by Rules 26-37 and 45, Federal Rules of Civil Procedure shall be completed by **August 8, 2008**.[1]

    **C.** *Discovery Plan*: Except to the extent of any conflict with the discovery deadline and any other deadlines specified in this scheduling order, the Discovery Plan included in the Rule 26(f) Report is adopted and incorporated herein. The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

2.  **AMENDMENTS OF PLEADINGS**

Pursuant to the Rule 26(f) Report, any motions to amend the pleadings or to add parties should be filed by:

    Plaintiff:      **December 14, 2007**
    Defendants:  **January 18, 2008**

3.  **DISPOSITIVE MOTIONS**

Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed by **July 11, 2008**.

A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court. **The parties are directed to comply with the GUIDELINES FOR DISPOSITIVE MOTIONS attached to this Order.**

---

[1] *See* Footnote 2 for explanation pertaining the relationship between discovery cutoff and dispositive motion deadline.

4.     **SETTLEMENT**

Within FOURTEEN (14) DAYS after the date upon which dispositive motions are due (**July 25, 2008**), *pro se* litigants and counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than FIVE (5) BUSINESS DAYS after this conference (**August 1, 2008**), Plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." If Plaintiff is *pro se*, counsel for the defense shall file the notice. This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

5.     **PRETRIAL CONFERENCE AND TRIAL**

The parties have indicated in the *Report of Parties' Planning Meeting* that this case should be ready for pretrial conference and trial by October 2008. **The parties are advised the District Judge will assign this case to his next available civil term and will issue a supplemental Scheduling Order providing the date for the pretrial conference and trial and shall set appropriate deadlines for the disclosure of trial witnesses; the identification and submission of trial exhibits; the filing of requested voir dire questions, motions in limine, and proposed jury questions.**

6.     **OBJECTION TO DEADLINES**

If any party has an objection to these deadlines, the party should inform the Court within fourteen (14) days from the date of this order (**November 21, 2007**); otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this order be modified by subsequent order of the Court, the provisions set out are binding on the parties.

7.     **NOTICE TO *PRO SE* PLAINTIFF**

The <u>Federal Rules of Civil Procedure</u> require that the plaintiff mail to the lawyer for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants themselves, a true copy of <u>anything</u> which the plaintiff sends to or files with the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading or other document has been sent to the lawyer for the defendants.

DONE this 7th day of November, 2007.

                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

| |
|---|
| UNITED STATES DISTRICT COURT for the MIDDLE DISTRICT OF ALABAMA<br>■ ■ ■<br>**TERRY F. MOORER**<br>**UNITED STATES MAGISTRATE JUDGE** |

## GUIDELINES FOR DISPOSITIVE MOTIONS

**1.   Deadlines in Scheduling Order**

The Uniform Scheduling Order adopted for the Middle District of Alabama includes the following provision:

> Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than [**NINETY (90) DAYS prior to the pretrial hearing**]. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

All dispositive motions must be filed on or before that deadline set in the scheduling order. Absent a showing of good cause, the deadline will not be extended. Upon consideration of the parties' discovery plan filed pursuant to Rule 26(f), Federal Rules of Civil Procedure, the Scheduling Order will provide ample time for discovery; thus, the court generally does not consider as "good cause" for extending the dispositive motion deadline either *failure to conduct needed discovery*[2] or counsel's *busy schedules*.

---

[2]The Rule 16 Scheduling Order does establish a dispositive motion deadline *before* the end of the period allowed for discovery for the following reason published in the *"Frequently Asked Questions"* section of this court's website

> Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, final submission is approximately a month after the dispositive motion is filed. The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. The judges try to resolve summary judgment motions in advance of pretrial hearings. Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met.

**2.    Briefing Schedules and Oral Arguments**

Unless warranted otherwise by a specific case, supporting and opposing briefs and evidentiary submissions will be submitted as follows:

- Moving Party - simultaneously with motion
- Opponent's Response - not later than twenty-one (21) days thereafter
- Movant's Reply[3] - not later than eleven (11) calendar days thereafter

Oral argument will not be scheduled absent a party's request – to be filed not later than the deadline for the movant's reply – or the court's determination that argument is necessary or may be helpful.

**3.    Content and format for Briefs and Evidentiary Submissions**

    **a.    Disputed and Undisputed Facts**

Briefs must contain a statement of facts which includes specific references to the record. To facilitate the court's necessary determination of whether there exists a genuine issue of material facts, the factual statement should distinguish – to the extent possible – disputed facts and undisputed facts, and the parties are encouraged to confer for any consensus possible on the uncontested material facts.

    **b.    Evidentiary Appendix**

The evidence upon which the parties rely shall be organized in an indexed appendix which should also include the relevant text of any statutory or regulatory authority cited.

Any discussion of evidence in a brief must include the specific reference (by

---

Setting the dispositive motion deadline prior to the end of discovery also recognizes the realities of litigation. Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues. If summary judgment is denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. *See* Fed. R. Civ. P. 1.

[3]    The movant may not include in the reply brief any new evidentiary material without prior leave of court.

page and line) to the deposition or other evidence included in the appendix or to a pertinent court order, pleading, or other filing.

DONE this 7th day of November, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE