IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

|   |   |
|---|---|
| QUINCY L. ALEXANDER,       ) | |
| )                            | |
| Plaintiff,                ) | |
| )                            | |
| v.                          ) | Civil Action No. 3:07-CV-00647-WHA-TFM |
| )                            | |
| BORAL BRICKS INC. and       ) | |
| SCOTT THOMPSON,             ) | |
| )                            | |
| Defendants.               ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Boral Bricks Inc. and Defendant Scott Thompson, pursuant to Fed. R. Civ. P. 56, respectfully move for summary judgment in this case on all claims of Plaintiff, for the reasons stated below and in the Brief in Support of Defendants' Motion for Summary Judgment and Evidentiary Materials filed contemporaneously herewith. Defendants' Evidentiary Materials include relevant excerpts of Plaintiff's deposition testimony and deposition exhibits, and Affidavits from Defendant Boral Bricks Inc.'s current and former officials.

Plaintiff, who proceeds pro se, was formerly employed by Defendant Boral Bricks Inc. at its Phenix City, Alabama, brick making facility. Plaintiff's employment ended in February 2006 when he was terminated as part of an economic reduction in force. Following his termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that his termination was because of his race and sex in alleged violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and an alleged (undisclosed) disability in alleged violation of The Americans With Disabilities Act ("ADA"). Plaintiff's Charge also mentioned the Equal Pay Act ("EPA"). Plaintiff's claim, as is his lawsuit, was

simply directed toward a Caucasian/White female employee whom he alleges should have been terminated rather than him in the reduction in force.  After investigation, the EEOC dismissed Plaintiff's Charge, and this lawsuit followed, which includes Plaintiff's Title VII claim, a claim regarding the ADA, and an EPA claim, as well as a mention of 42 U.S.C. § 1981; Plaintiff has also joined in this action Defendant Scott Thompson. [1]

Plaintiff's Title VII race and sex claims are without merit and judgment should be entered in Defendant Boral Bricks Inc.'s favor as Plaintiff does not establish a prima facie case; and further, Defendant Boral Bricks Inc. has established non-discriminatory, legitimate reasons for its actions.  Moreover, there is no evidence that Defendant Boral Bricks Inc.'s actions were a pretext for either racial or sexual discrimination.

Further, Plaintiff's 42 U.S.C. § 1981 racial discrimination claim fails for the same reasons as Plaintiff's Title VII claim of alleged racial discrimination.  In addition, Plaintiff's Section 1981 claim fails against Defendant Scott Thompson because there is no evidence, and it is not so, that Defendant Scott Thompson was involved in any decision about which Plaintiff complains as the basis for his racial discrimination claim.

Further, Plaintiff's ADA claim fails because Plaintiff was not "disabled" within the meaning of the ADA; and regardless, there is no evidence that any of Defendant Boral Bricks Inc.'s actions were based upon any alleged "disability."

Finally, Plaintiff's EPA claim fails not only because there is no evidentiary basis for it, but also because Plaintiff's claim is directed to what he considered to be differences in pay between himself and an African-American/Black male who was Plaintiff's supervisor at the end of his employment.

---

[1]  This Court has previously dismissed Defendant Scott Thompson from this action for all of Plaintiff's claims with the exception of that asserted under 42 U.S.C. §1981.  (*See* Docket No. 22 – Report and Recommendations dated October 26, 2007, and Docket No. 31 – Court Order dated December 5, 2007).

For the foregoing reasons, again as more fully explained in Defendants' Brief, Defendants, and each of them, respectfully request that summary judgment be granted in their favor, that this cause be dismissed in its entirety, and that Defendants be awarded their fees and costs, and for such other and further relief as the Court deems necessary and proper in the premises.

Respectfully submitted,

LATHROP & GAGE L.C.

/s/ Jack D. Rowe
Jack D. Rowe                    MO# 22996
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108
Telephone: (816) 292-2000
Telecopier: (816) 292-2001


CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.


/s/ Thomas L. Oliver, II
Thomas L. Oliver, II
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2008, the foregoing pleading was served, by Certified and First Class United States mail, postage prepaid, that same date to:

Quincy L. Alexander
1507 – 8th Place, South
Phenix City, Alabama  36869

Plaintiff Pro Se

                                                  /s/ Jack D. Rowe
                                                  An Attorney for Defendants