IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| QUINCY L. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-CV-00647-WHA-TFM |
| ) | |
| BORAL BRICKS INC. and ) | |
| SCOTT THOMPSON, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendants Boral Bricks Inc. ("Boral") and Scott Thompson (hereinafter collectively referred to as "Defendants") respectfully submit their Reply Brief in Further Support of Defendants' Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff Quincy Alexander's response to Defendants' Motion for Summary Judgment does nothing more than bolster the conclusion that his lawsuit should be dismissed.[1] First, with respect to his Title VII and Section 1981 claims: Plaintiff fails to refute Boral's argument that he cannot make out a prima facie case; and, Plaintiff further fails to demonstrate that the legitimate, non-discriminatory reasons offered by Boral for terminating his employment are pretext for unlawful discrimination. Second, Plaintiff does not even attempt to refute the record showing Defendant Scott Thompson was not involved in any decision about which Plaintiff complains as the basis of his Section 1981 claim. Third, Plaintiff fails to show that he is disabled within the

---

[1] On July 17, 2008, Plaintiff filed a pleading titled "Motion to Amend Summary Judgment" (hereinafter "Pl's Motion" or "Motion"), which appears to be Plaintiff's response to Defendants' Motion for Summary Judgment.

meaning of the ADA, and regardless, the uncontroverted record demonstrates that Boral's actions towards Plaintiff were not based on any alleged disability.  <u>Fourth</u>, Plaintiff has failed to refute Boral's argument that he cannot establish a prima facie case with respect to his claim under the Equal Pay Act.  In the end, Plaintiff has offered nothing to deter from the conclusion that his claims are legally foreclosed.

     Boral also notes that Plaintiff's opposition is procedurally deficient, as a simple review of Rule 56 of the Federal Rules of Civil Procedure highlights the propriety of summary judgment on that basis as well.  Rule 56(e) sets forth Plaintiff's obligation, as the non-moving party, to show by affidavits, depositions, answers to interrogatories, and admissions that there are specific facts demonstrating a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  To defeat summary judgment, Plaintiff cannot rest solely on the allegations asserted in his unsworn pleadings.  Fed. R. Civ. P. 56(e).  *See also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993) (plaintiff may not rely on mere allegations or denials and must come forward with evidence and set forth "specific facts" showing issues for trial).  While the Court must view factual inferences favorably to the non-moving party, and *pro se* pleadings are entitled to liberal interpretation, this Court has consistently ruled that "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."  *Riley v. Fairbanks Capital Corp.*, No. 2:04-cv-797, 2006 U.S. Dist. LEXIS 8209, *5-6 (M.D. Ala. Jan.10, 2006); *Pearson v. Byrd*, No. 2:06-cv-828, 2007 U.S. Dist. LEXIS 86041, *4 (M.D. Ala. Nov. 20, 2007).  *See also Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

     Plaintiff's "Motion," which spans less than two pages, offers no record evidence to counter Defendants' Motion or dispute Defendants' articulated reason for terminating Plaintiff's

employment. Instead, Plaintiff relies entirely on broad generalizations and unsubstantiated, conclusory accusations, none of which create a genuine issue of material fact that saves his case from dismissal. Plaintiff asserts that he has "evidence and witnesses to support [his] claims made against Boral Bricks and Scott Thompson" (Pl's Motion at 1), however, Plaintiff fails to appropriately identify or produce any evidence or witnesses. Furthermore, Plaintiff does not refute the facts set out by Defendants in their opening brief, thereby leaving them uncontroverted. By failing to present proper summary judgment evidence as mandated by Rule 56(e), Plaintiff cannot demonstrate the existence of a genuine issue of material fact, and therefore, summary judgment remains in order.

## REPLY ARGUMENT

I.  **Plaintiff Has Failed to Create a Triable Issue on His Title VII Claims of Race and Sex Discrimination and They Remain Subject to Summary Dismissal.**

In his "Motion," Plaintiff does not rectify the flaws at each step of the *McDonnell Douglas* framework identified by Boral in its opening brief, and therefore his race and sex discrimination claims fail on the merits. Plaintiff fails to establish a prima face case of discrimination, and, even assuming he could, Plaintiff does not demonstrate Boral's legitimate, non-discriminatory reasons for Plaintiff's termination are pretext for unlawful discrimination. Accordingly, Plaintiff's Title VII race and sex discrimination claims remain subject to summary judgment.

While Plaintiff does not dispute Boral's authority setting out the elements of his prima face case, his "Motion" fails to articulate two of the necessary elements to satisfy his initial burden. First, Plaintiff fails to produce evidence that he was qualified for any open positions with Boral at the time of his selection in the reduction in force. In his "Motion," Plaintiff states that a White male (unidentified) with less seniority was offered Angela Curley's position after

Ms. Curley was asked to oversee the Lead responsibilities in Shapes. (Pl's Motion at 1). In his deposition, however, Plaintiff testified that his race and sex discrimination claims were solely directed toward Ms. Curley, a White female, who Plaintiff alleges Boral should have terminated rather than him in the reduction in force. (Defs.' SOF 39, 42). Regardless, Plaintiff fails to name or identify the "White male" who was allegedly offered Ms. Curley's former position. More significantly, Plaintiff fails to establish that he was qualified for such a position.[2] In his "Motion," Plaintiff provides no evidence of his own qualifications or those of the "White male" who was allegedly offered the position. For these reasons and those set out in Defendants' opening brief, Plaintiff cannot show that he was qualified for any open positions with Boral at the time of his discharge.

Additionally, Plaintiff fails to produce any evidence that creates an inference of discrimination. Plaintiff again offers nothing more than a single unverified statement that an unidentified White male with allegedly less seniority was offered a job, which Plaintiff alleges was never posted. (Pl's Motion at 1). This bare assertion, unsubstantiated by any reference to record evidence, is not "significantly probative" evidence from which an inference of discrimination can be created.[3] *See Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1083 (11th Cir. 1990). Plaintiff has presented no evidence to raise an inference that either his race or sex played any role in Boral's actions toward him, and therefore Plaintiff fails to make out the final prong of the prima facie case.

---

[2] Boral notes that Plaintiff does not identify the position to which he is referring – other than as Ms. Curley's former position – which further supports Boral's contention that Plaintiff fails to show he was qualified for the position. Boral further notes that Plaintiff was given the opportunity to seek positions which were open following the effective date of his termination (Defs.' SOF 20-25), and this evidence was not contested by Plaintiff in his "Motion."

[3] Plaintiff's own allegation that a *male* was offered a position, and not Plaintiff, further dispels any inference of sex discrimination and supports summary judgment on Plaintiff's Title VII sex discrimination claim. Boral again notes that the other individual terminated along with Plaintiff as a result of the reduction in force was White (Defs.' SOF 9), which further dispels any notion of alleged racial discrimination.

Even assuming Plaintiff could establish a fact dispute on the elements of his prima facie case, which Defendants deny, Plaintiff does not contest the legitimacy of the reasons Boral set forth in its opening brief. Boral's explanation for terminating Plaintiff's employment – an economic reduction in force – is thoroughly described in the affidavits of Steve Markovich and David Hay. (Defs.' SOF 8-9). As explained in Defendants' opening brief, Ms. Curley was assigned to cover the Lead duties in Shapes following Clyde Davis' transfer because Boral was forced to cut back and reorganize the department due to the declining demand for product, and it was necessary to retain employees, such as Ms. Curley, who were multi-faceted and could serve Boral in various roles. (Defs.' SOF 28-29, 31-34).

Furthermore, Plaintiff simply fails to come forward with any additional evidence establishing pretext. With respect to his Title VII claims, Plaintiff's sole response is the unsupported allegation that a White male with less seniority was offered a position with Boral.[4] Plaintiff's belief, speculation, and conclusory assertions that Boral discriminated against him are insufficient to establish pretext. *Coutu v. Martin County Bd. of County Comm'rs.*, 47 F.3d 1068, 1073-74 (11th Cir. 1995). Even a liberal reading of Plaintiff's "Motion" fails to reveal any competent evidence of pretext. Plaintiff has failed to show specific facts that could carry his burden of proof on the essential element of pretext, and therefore, Plaintiff cannot establish a triable issue of fact. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1083 (11th Cir. 1990) (plaintiff must respond sufficiently to defendant's legitimate, non-discriminatory reason to create

---

[4] Plaintiff apparently believes that Ms. Curley filled his position after he was terminated. (Pl's Motion at 1). However, the uncontroverted record illustrates that Plaintiff was working as a Shapes Maker at the time of the reduction in force, and Ms. Curley later assumed the duties of the Lead role in Shapes once Clyde Davis transferred. (Defs.' SOF 6-7, 29). The record further demonstrates that Ms. Curley continued to perform other duties for which Plaintiff was admittedly not qualified in addition to those required by the Lead position. (Defs.' SOF 33-34). It is evident, therefore, that Ms. Curley did not fill Plaintiff's position following his termination.

issue of fact and cannot rely on possibility that jury will draw contrary inference sufficient to create factual dispute).

II.     **Plaintiff Has Failed to Create a Triable Issue on His Section 1981 Race Discrimination Claim and It Remains Subject to Summary Dismissal.**

At the outset, it bears noting that Plaintiff has failed to address Defendants' arguments that his Section 1981 race discrimination claim is substantively deficient, and therefore subject to summary dismissal. Plaintiff has similarly failed to address Defendant Scott Thompson's argument that he played no role in any decision about which Plaintiff complains as the basis for his race discrimination claim. Defendants incorporate the arguments set forth in their opening brief in this regard and submit that Plaintiff's Section 1981 claim remains subject to dismissal for those reasons.

III.    **Plaintiff Has Failed to Create a Triable Issue on His Americans With Disabilities Act Claim and It Remains Subject to Summary Dismissal.**

Boral is also entitled to summary judgment on Plaintiff's claim of disability discrimination. Plaintiff has failed to establish that he is "disabled" within the meaning of the Americans With Disabilities Act ("ADA"), and he therefore cannot establish a prima facie case. In any event, Plaintiff has not demonstrated that Boral's actions towards him were pretext for disability discrimination.

Boral has set forth a series of facts showing Plaintiff is not disabled within the meaning of the ADA, and Plaintiff has failed to controvert them with proper summary judgment evidence. (Defs.' SOF 45-47, 49). As proof of his alleged disability, Plaintiff merely points to his alleged physical condition and alleged receipt of military disability benefits. (Defs.' SOF 44). Plaintiff's "Motion" is completely devoid of evidence regarding any alleged limitations on major life activities, and more significantly, Plaintiff admits that his alleged physical condition never prohibited his ability to work in the various positions he held with Boral. (Defs.' SOF 46). *See*

*Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998) (plaintiff was not disabled within the meaning of the ADA where he admitted he was fully capable of performing his job). Because Plaintiff has failed to show he is disabled within the meaning of the ADA, Boral is entitled to summary judgment on Plaintiff's disability discrimination claim.

Even if Plaintiff could rely on his unsupported assertions of an alleged physical impairment (without any evidence demonstrating the alleged physical impairment substantially limits a major life activity) to support his disability discrimination claim, Boral is still entitled to judgment in its favor because Plaintiff has presented no evidence that Boral's reasons for terminating him are pretext for unlawful discrimination. Plaintiff again responds with unsubstantiated and irrelevant contentions, none of which demonstrate that Boral discriminated against Plaintiff because of any alleged disability. Plaintiff claims that other Boral employees were allowed to travel throughout the plant in golf carts. (Pl's Motion at 1). In his deposition, however, Plaintiff testified that he never requested a golf cart or any other accommodations for his physical condition. (Dep. Pl. at 185:10-18; Defs.' SOF 47). Plaintiff further asserts, for the first time in his "Motion," that parking was not made available to him as an alleged disabled veteran. (Pl's Motion at 1). Such a contention, even attaching some validity to it (which Boral denies), is unrelated to Boral's decision to terminate Plaintiff's employment and it does not provide a basis for an ADA cause of action.[5]

Finally, Plaintiff alleges that Defendant Scott Thompson made a comment to Plaintiff, which Plaintiff inferentially attributes to an alleged disability. (Pl's Motion at 1). Even assuming Mr. Thompson made such a comment, at best it is a mere "stray remark" that in no way supports Plaintiff's claim that he was terminated on the basis of his alleged disability. *See Price*

---

[5] While Plaintiff first mentions the lack of parking as a basis for his disability discrimination claim in his "Motion," it bears noting that Plaintiff presented no record evidence that he requested alternative parking, or any other alleged accommodation. (Defs.' SOF 47).

*Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (stray remarks in the workplace and statements by non-decision makers do not constitute evidence of discrimination). The uncontroverted record establishes that Mr. Thompson played no role in Boral's decision to select plaintiff for the reduction in force, (Defs.' SOF 9, 15), thus, the alleged stray remark allegedly directed toward Plaintiff had no bearing on Plaintiff's termination. Accordingly, Plaintiff fails to demonstrate that Boral's legitimate, non-discriminatory reasons are pretext for unlawful disability discrimination, and therefore Boral is entitled to summary judgment on Plaintiff's disability discrimination claim.

**IV.     Plaintiff Has Failed to Create a Triable Issue on His Equal Pay Act Claim and It Remains Subject to Summary Dismissal.**

Boral first notes that Plaintiff has failed to respond to its argument that his Equal Pay Act ("EPA") claim is procedurally deficient. For the reasons set forth in Defendants' opening brief, Plaintiff's claims are subject to summary dismissal because Plaintiff failed to plead this theory of recovery in his judicial Complaint.

Nonetheless, Plaintiff's EPA claim fails for the additional reason that he cannot establish a prima face case. First, Plaintiff's EPA claim is based on his belief that he was entitled to the same pay rate as his *male* supervisor. While Plaintiff repeatedly acknowledged in his deposition that his "male" comparison is the basis for his EPA claim, in his "Motion," Plaintiff states that Boral violated the EPA by compensating him on an hourly basis in a supervisory/management position, and Plaintiff was the only hourly employee to attend a supervisor's course. (Pl's Motion at 1-2). Like his male comparison claim, these claims also do not fit under the EPA. Regardless, Plaintiff fails to identify specific supervisory/management employees of the opposite sex who were receiving higher wages for "substantially equal" work. This failure of proof is dispositive, rendering Plaintiff's claim subject to dismissal. *See Slattery v. Precision Response Corp.*, 167 Fed. Appx. 139, 142 (11th Cir. 2006) ("A plaintiff establishes a prima facie case by

8

comparing the jobs held by the female and male employees, and by showing that those jobs are substantially equal.") (citing *Miranda v. B&B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1533 (11th Cir. 1992)).  For all the foregoing reasons, Boral is entitled to summary judgment on Plaintiff's EPA claim.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons as well as those in their opening brief, Defendants respectfully request the Court enter summary judgment in their favor on Plaintiff's Complaint and for their costs and attorneys' fees, and for such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

LATHROP & GAGE L.C.

/s/ Jack D. Rowe
Jack D. Rowe          MO#  22996
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri  64108
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

CARR, ALLISON, PUGH, HOWARD,
OLIVER & SISSON, P.C.

/s/ Thomas L. Oliver, II
Thomas L. Oliver, II
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that this 7th day of August, 2008, the foregoing Reply Brief was served, by Certified and first class United States mail, postage prepaid, that same date to:

Quincy L. Alexander
1507 – 8th Place, South
Phenix City, Alabama  36869

Plaintiff Pro Se

                                               /s/ Jack D. Rowe
                                               An Attorney for Defendants